## EUGENE V. RODDIN *et al.*

*v.*

## EDWIN R. P. SHURLEY *et al.*

1. SALE—*when the title passes as between the parties.* Where a contract was made for the sale of personal property and the assignment of a lease for the building in which the fixtures were, and the delivery of possession of the leased property and fixtures, and the payment of the balance of the consideration, were made concurrent acts: *Held,* that the title to no portion of the property would pass until these acts were performed.

2. CONTRACT—*sale—measure of damages.* Where the plaintiff bargained for the assignment of a certain lease interest, and the purchase of the personal property connected with the leasehold premises, and paid $2000, and the defendants neglected to deliver possession at the time they had agreed to, and it appeared that the personal property was only of the value of $1500: *Held,* that the plaintiffs, in a suit to recover damages for breach of the contract, were not limited to the difference between the value of the personal property and the money paid, as the contract for the lease and the fixtures was entire.

3. Where the damages recovered by the plaintiffs for the non-delivery of personal property purchased and neglect to transfer a lease according to contract, was only the sum paid by them on the contract, with legal interest thereon: *Held,* that the damages were not excessive.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of assumpsit, by the appellees against the appellants, upon the following contract:

"This memorandum of an agreement made this 14th day of August, 1871, by and between the firm of Roddin & Hamilton, of Chicago, Illinois, and the firm of Shurley, Parks & Co., of the same place, witnesseth, that said first party have, in consideration of the payments to be made and the cash payment this day made, as hereinafter provided, bargained, sold and agreed to deliver to said party of the second part the personal property described in the schedule hereto attached, now in the premises known as No. 126 Lake street, Chicago, main floor

and basement, and have agreed to assign and deliver to said second party the lease for the premises now held by the first party, and expiring May 1, 1872, and also the lease for the whole building held by them, running for five years from May 1, 1872; said property to be delivered, and said lease to be assigned, and the possession of said premises to be delivered to said second party by or before the first day of December, 1871, upon payment to be made as hereinafter provided, it being understood that whenever, at any time prior to said mentioned day, the said first party shall remove from said premises, payment to be made and possession delivered as though · said day had arrived, upon request of either party. In consideration of the premises, said second party agrees to pay said first party the sum of $6500, as follows, to wit: $2000 cash in hand, the receipt of which is hereby acknowledged, and $4500 upon the delivery of the property and possession of the premises, and assignment of the leases aforesaid, which payment, possession and assignment are to be concurrent acts. Said second party are to pay all rents accruing on said leases from and after the time possession of said property and premises shall be given to them, and save said first party harmless therefrom.

Witness the hands of said parties the day and year first aforesaid.

SHURLEY, PARKS & CO.<br>RODDIN & HAMILTON."

In the fire of October 9, 1871, all the fixtures and personal property, as well as the building containing them, were destroyed by fire.

The declaration avers the payment of the first installment of $2000 and an offer to pay the balance of the price on the first day of December, 1871, and a refusal of the defendants to deliver the personal property described in the schedule and a failure to assign the leases and deliver possession of the property described in the contract, whereby the plaintiffs lost

great profits, etc.    The declaration also contained the common counts.

The cause was tried by the court without a jury, who found for the plaintiffs $2019.67, and rendered judgment for that sum and costs.

The defendants appealed and contend that, under the contract, the sale of the personal property was absolute, and vested the title immediately in the plaintiffs, and its subsequent destruction was the loss of the plaintiffs.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellants.

Mr. H. A. WHITE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The positions assumed by appellants are not tenable.

1.    The deferred payment, giving possession on the first day of December, 1871, and assignment of the lease, by the terms of the agreement, were to be concurrent acts, consequently, the title to no portion of the property passed until these acts were performed.    *Frost* v. *Woodruff*, 54 Ill. 157, and cases there cited.

2.    The claim of appellees is not limited to the amount of the difference between the value of the fixtures, fifteen hundred dollars, and the sum they paid, two thousand dollars. The reason is very apparent.    The contract for the lease and fixtures was entire, and not contemplated by the parties there would be a separation.    The fixtures without the leasehold were of no use to appellees.    The contract was for both, and appellants agreed to deliver both, on or before the first day of December, 1871.    The fixtures were attached to the lease and building, to be used by appellees when they should acquire possession.

3.    The damages are not excessive, as appellees have recovered only the money they paid appellants, together with legal interest thereon.

The judgment must be affirmed.

*Judgment affirmed.*